**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUTH FRY,

        Plaintiff-Appellant,

 v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No.   17-15487

No. CV-15-01771-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted January 29, 2019[**]

Before: LEAVY, TALLMAN, and R. NELSON, Circuit Judges.

Ruth Fry appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for supplemental security income under

Title XVI of the Social Security Act. We review the district court's denial de novo

and can reverse the ALJ's decision only if her "findings are based on legal error or

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

are not supported by substantial evidence in the record." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). We affirm.

Any error the ALJ committed by not finding Fry's migraines or mental health symptoms constituted severe impairments at Step Two was harmless. The ALJ ultimately decided Step Two in Fry's favor, meaning she "could not possibly have been prejudiced" at this stage of the analysis. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

The ALJ proffered specific, clear, and convincing reasons for discounting Fry's testimony concerning the severity of her symptoms, including inconsistencies between her daily activities and alleged limitations, a lack of objective medical evidence to support Fry's account, and the effectiveness of Fry's conservative treatment. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

Regarding the ALJ's reliance on the lack of medical evidence, the record indicates Fry's treating neurologist, Dr. Salazar-Calderon, opined Fry's migraines were well controlled with medication and that her migraine symptoms have improved over time. Although Fry alleges she still experiences migraine symptoms, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security]

2

benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Concerning Fry's objection that the ALJ failed to explain how her daily activities translate into performing competitive work, "[e]ven where [a claimant's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of totally debilitating impairment." *Molina*, 674 F.3d at 1113. Finally, we reject Fry's argument that the ALJ erred in characterizing her treatment as conservative, particularly regarding her injection and cervical fusion surgery. Fry cites *Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014), where the court reversed an ALJ's denial of benefits and stated that "[i]n any event, we doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment." Contrary to Fry's argument, the *Garrison* court did not base its holding on whether the claimant's treatment was conservative or not. Rather, the court held that the ALJ erred by discounting the claimant's testimony where there was no evidence in the record that the provided treatment alleviated the claimant's pain. *Id.* at 1015. Furthermore, even if the ALJ erred by describing Fry's treatment as conservative, the ALJ offered other clear and convincing reasons for discounting Fry's testimony, rendering any error harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ provided specific and legitimate reasons supported by substantial

evidence for discounting the contradicted opinion of treating cardiologist Dr. Loli and germane reasons for discounting the opinion of physical therapist Mr. Jorgensen. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017); *Molina*, 674 F.3d at 1111. Fry advocates for an alternative to the ALJ's rational interpretation of the medical evidence, which we uphold. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Although the ALJ did not explain how Fry's travel to Colorado and joining a gym conflicted with Dr. Loli's and Mr. Jorgensen's opinions, the error was harmless because the ALJ provided other valid reasons for affording their opinions little weight. *Cf.*, *Molina*, 674 F.3d at 1115.

The ALJ did not commit harmful error in assigning little weight to examining psychologist Dr. Bowen's opinion. The ALJ permissibly relied upon the fact that Dr. Bowen did not have access to subsequent treatment records indicating Fry's medications for her mental health symptoms were working well. While the ALJ did not specifically explain why Fry's travel to Colorado was inconsistent with Dr. Bowen's opinion, the Court "must uphold [the agency's decision] 'if the agency's path may reasonably be discerned.'" *See Molina*, 674 F.3d at 1121. The notation in Fry's medical records concerning her trip to Colorado states she was "going to Colorado with a friend to help another friend on their ranch." The social aspects of this travel ostensibly contradict Dr. Bowen's opinion that Fry's "ability to get along with others is limited" and that she "would have difficulties interacting

4

with co-workers and/or supervisors," meaning the ALJ's path may be reasonably discerned. *Id.* In addition, even if the ALJ erred by relying upon these grounds, the ALJ provided other legally valid reasons for not including the opined social limitations in Fry's RFC, and so any error was harmless. *See id.* at 1115.

**AFFIRMED.**